# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-237V
UNPUBLISHED

| | |
|---|---|
| ARI KLINE,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: September 24, 2020<br><br>Petitioner's Motion for a Decision Dismissing his Petition; Shoulder Injury Related to Vaccine Administration (SIRVA); Influneza (Flu) Vaccination; Insufficient Proof of Causation; Special Processing Unite (SPU) |

*Leigh Rosser*, Muller Brazil, LLP, Dresher, PA, for petitioner.

*James Vincent Lopez*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION DISMISSING PETITION[1]

On March 3, 2020, Ari Kline filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury after receiving an influenza vaccination on October 10, 2018. Petition at 1.

On September 18, 2020, Petitioner moved for a decision dismissing his Petition. ECF No. 17. Petitioner states in his motion that to establish a shoulder injury related to vaccine administration ("SIRVA"), he "must demonstrate, inter alia, that no other history

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection." *Id.* However, Petitioner explains that on April 24, 2020, "Petitioner obtained and filed medical records which contained references to a previous injury to Petitioner's left shoulder in April of 2018, approximately 6 months pre-vaccination." *Id.* Accordingly, Petitioner indicates in his motion that "[i]n these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program."

Additionally, Petitioner indicates in his motion that he "understands that a decision by the Chief Special Master dismissing his petition will result in a judgment against him. Petitioner has been advised that such a judgment will end all of his rights in the vaccine program." *Id*. at 2. The motion further states that Respondent "reserves the right to oppose, if appropriate, his application for cost." *Id*. Respondent has also indicated that he does not oppose this motion. Informal Communication dated September 22, 2020.

To receive compensation under the Program, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Examination of the record, however, does not disclose that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that the vaccinee was injured by a vaccine. For these reasons, in accordance with Section 12(d)(3)(A), **petitioner's claim for compensation is denied and this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.